ARTHUR L. ALMY *et al.*, Executors, *vs.* MARIUS S. DANIELS.

The opinion heretofore given in this case, 15 R. I. 312, explained.
When a tenant in common uses the common estate only to an extent less than his share,
    and not to the extent of an ouster or denial of the right of his cotenant, he is not liable
    to account.

ACCOUNT.   On exceptions to the auditor's report.

The former proceedings in this case are reported 15 R. I. 312 *sq.*

*November* 28, 1891.   PER CURIAM.   The court is of opinion that the finding of the auditor upon the testimony reported in regard to the occupation of the sidewalk is not in accordance with the rules given in this case in 15 R. I. 318.   The rule there stated is, that when a tenant in common uses the estate only to an extent less than his share, and not to the extent of an ouster or denial of the right of his cotenant, he is not liable to account.   Applying this rule to the testimony as reported, while it appeared that both parties occupied the sidewalks adjoining their buildings for storage purposes, it does not appear that either party exceeded his proportion of the common estate by such occupation, nor that either party denied or precluded the right of the other to use the same property in the same way if he had chosen to do so.   There is, therefore, no exclusive appropriation of a part of the estate by such occupation, as the word "exclusive" is used in such cases, and has been used in this case, nor any such excess of more than one's share as to make him thereby chargeable.   We think neither party is chargeable for use of the sidewalk by reason of such occupation as is shown in this case.   The objections to the auditor's report are therefore sustained.

*Joseph C. Ely & Herbert Almy*, for plaintiffs.
*Benjamin N. Lapham*, for defendant.